**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **TERRA ORNDORFF,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MERRITT HOSPITALITY, LLC**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No.** ______________<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

Plaintiff **Terra Orndorff** brings this civil action for relief and damages against **Defendant Merritt Hospitality, LLC,** based on the following allegations and causes of action.

## NATURE OF THE ACTION

1. This case seeks to correct unlawful employment practices by Merritt Hospitality LLC ("Defendant" or "Merritt") under the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. §§ 12112(a), 12203(b).

2. Plaintiff Terra Ordorff ("Plaintiff" or "Orndorff") asserts that Merritt terminated her because of her disability in the form of a mental health impairment. Orndorff also contends that Merritt interfered with her rights to a temporary

medical leave based on her disability. Orndorff seeks economic damages, including back pay and lost benefits; noneconomic compensatory damages; punitive damages, to the extent they are applicable; as well as her attorneys' fees and costs of litigation.

**THE PARTIES**

3. Orndorff was employed as Director of Wellness for the Chateau Inn Winery and Resort, a Merritt-owned property located in Braselton, Georgia.

4. Merritt Hospitality is a covered entity under the ADA in that during all relevant times it had more than 15 employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year. 42 U.S.C.A. § 12111(5)(A).

**PERSONAL JURISDICTION**

5. Merritt may be served with proper process through its registered agent on record with the Georgia Secretary of State: Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

**SUBJECT-MATTER JURISDICTION AND VENUE**

6. Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. §§ 1331 and 1343.

7. Venue is proper in this district and division under 28 U.S.C.A. §

1391(b)(1)-(2), as Merritt, at all times during Plaintiff's employment, conducted business in this judicial district and division. Some or all of the alleged unlawful acts occurred in this judicial district and division.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Orndorff filed her charge of disability discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 410-2024-07438 on April 18, 2024. A copy is attached as Exhibit A.

9. Orndorff subsequently received a Right-to-Sue letter from the EEOC on June 11, 2024, a copy which is attached as Exhibit B.

10. Orndorff timely files her ADA claims.

## FACTUAL ALLEGATIONS

11. Orndorff was hired in May 2023 to serve as Director of Wellness for the Chateau Inn Winery and Resort, a luxury hotel and spa located in Braselton, Georgia, a Merritt owned property.

12. Orndorff suffers from clinically diagnosed depression and anxiety.

13. At some point in the fall of 2023, Orndorff disclosed to a senior member of human resources ("HR") management that she has been diagnosed with depression.

14. In the latter fall or early winter, Orndorff sought counseling from

Merritt's employee assistance program for mental health related issues.

15. Orndorff acknowledges that she had some difficulties at work and experienced conflict with colleagues during her first six months on the job. In mid January 2024, Merritt issued a corrective performance memorandum to Orndorff, followed by a subsequent written warning in early February that if her work did not improve, her job might be in jeopardy.

16. Orndorff disputed each of these writeups with Merritt's HR department. At no point was it communicated to her that a decision had been made to proceed with termination, or that a determination had been made that her challenges to the January and February corrective actions were rejected.

17. On February 7, 2024, while she was at work, Orndorff suffered a severe depressive episode and notified an onsite manager that she was unable to remain at work.

18. Later on February 7, Orndorff notified by phone Vera Sostre, the HR director for the Chateau Inn, that she believed she was facing a mental health crisis and needed to take a short-term medical leave to obtain therapy or psychiatric care.

19. Sostre responded by telling Orndorff that Merritt understood her struggles and would be supportive of her recovery process.

20. The next morning, on February 8, Sostre contacted Orndorff to tell her

that Merritt had elected to end her employment on the ostensible grounds that she had left work without authorization and that such a disciplinary infraction while on a performance improvement plan was presumptive grounds for termination.

21. During their exchange a day before on February 7, Sostre did not make any reference to Orndorff's departure as a basis for discipline or describe it as a violation of the terms of her performance plan.

22. In addition, Merritt did not have the kind of rigid attendance policy Sostre described. Employees at every level are permitted to leave work in the event of unexpected personal or medical reasons.

23. In an apparent effort to mitigate liability, Orndorff was told that in lieu of termination, she could take a 30 day leave in order to maintain her insurance, but only on the condition that she agree to resign at the end of 30 days.

24. Merritt soon expanded the offer to a full two months of insurance coverage and a lump sum settlement of 8 weeks salary in exchange for a resignation and a waiver of any legal claims.

25. Orndorff rejected Merritt's offers, which unlawfully conditioned her exercise of her right to leave as a temporary medical accommodation on her separation from the company and a waiver of her legal rights. Merritt's action constituted interference with Orndorff's rights under the ADA.

26. Merritt's involuntary separation of Orndorff from employment was a discriminatory termination. Merritt had made no decision to terminate her prior to February 7, 2024 and but for her disclosure of her need to receive extended medical care for mental health related reasons, Orndorff would not have been terminated on that date.

27. Orndorff's termination deprived her of income and exacerbated her mental anguish and emotional distress, therefore entitling her to lost wages and noneconomic compensatory damages.

## CAUSES OF ACTION

### COUNT I

### (Disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C.A. § 12112(a))

28. Plaintiff incorporates by reference paragraphs 1-27 of this Complaint as though set forth fully and separately herein.

29. Orndorff was at all relevant times a qualified individual under the ADA in that during her employment with Merritt Hospitality, she had a mental health impairment, disability, i.e., clinical depression and anxiety, that substantially limited her ability to conduct major life activities, including concentrating, thinking and working.

30. Orndorff could have performed the essential functions of her job with

a reasonable accommodation of a temporary medical leave.

31. Merritt discriminated against Ordorff by terminating her based on her mental health condition.

32. Merritt's discriminatory conduct under the ADA has inflicted various economic damages on Orndorff, including but not limited to loss of back pay, loss of front pay, and loss of benefits; as well as noneconomic damages, including emotional distress and mental anguish.

## COUNT II

**(Interference in violation of the Americans with Disabilities Act as Amended, 42 U.S.C.A. § 12203(b))**

33. Plaintiff incorporates by reference paragraphs 1-27 of this Complaint as though set forth fully and separately herein.

34. Orndorff exercised her protected right under the ADA by requesting an accommodation in the form of a short-term medical leave to obtain therapy and mental health treatment.

35. Merritt Hospitality interfered with Orndorff's exercise of her ADA rights by conditioning her medical leave on the waiver of her legal rights and her resignation.

36. Merritt's actions were motivated by Orndorff's effort to obtain a medical leave.

37. Merritt's interference with Orndorff's protected ADA rights has inflicted various economic damages on Orndorff, including but not limited to loss of back pay, loss of front pay, and loss of benefits; as well as noneconomic damages, including emotional distress and mental anguish.

**PRAYER FOR RELIEF**

Wherefore, based on the above stated claims, Plaintiff demands a trial by jury and that the following relief be granted:

A. Back pay, front pay, and lost benefits.

B. Compensatory damages to the extent allowed by law.

C. Punitive damages.

D. Attorneys' fees and costs of litigation.

E. Prejudgment and post-judgment interest at the highest lawful rate.

F. Such other equitable and monetary relief as the Court deems just and proper.

Respectfully submitted this 9th day of September, 2024.

**HKM Employment Attorneys LLP**

*s/Artur Davis*
Artur Davis[1]
ASB-3672-D56A
2024 3rd Ave. North

[1] Artur Davis will promptly file for admission *pro hac vice* as an attorney of record in this action. Mr. Davis is licensed in the state of Alabama and the District of Columbia.

Suite 212
Birmingham, AL 35203
Direct: 205-881-0935
adavis@hkm.com

Jerilyn E. Gardner
GA Bar No. 139779
3344 Peachtree Road NE
Direct: 404-446-9544

**Attorneys for Plaintiff Terra Orndorff**