**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| TERRA ORNDORFF,<br><br>Plaintiff,<br><br>v.<br><br>MERRITT HOSPITALITY, LLC,<br><br>Defendant. | Case No. 1:24-cv-04024-JPB-CCB |

**ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM**

Defendant MERRITT HOSPITALITY, LLC, by and through its attorneys, Seyfarth Shaw LLP, hereby submits its Answer to Plaintiff's Complaint and Counterclaim as follows:

**NATURE OF THE ACTION**

**COMPLAINT ¶1:**

This case seeks to correct unlawful employment practices by Merritt Hospitality LLC ("Defendant" or "Merritt") under the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. §§ 12112(a), 12203(b).

**ANSWER:**

Defendant admits that Plaintiff asserts claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. §§ 12112(a), 12203(b), but denies that it has discriminated against or engaged in any wrongful conduct toward Plaintiff or that Plaintiff is entitled to any relief whatsoever. Defendant denies the remaining allegations in Paragraph No. 1 of Plaintiff's Complaint.

**COMPLAINT ¶2:**

Plaintiff Terra Orndorff ("Plaintiff" or "Orndorff") asserts that Merritt terminated her because of her disability in the form of a mental health impairment. Orndorff also contends that Merritt interfered with her rights to a temporary medical leave based on her disability. Orndorff seeks economic damages, including back pay and lost benefits; noneconomic compensatory damages; punitive damages, to the extent they are applicable; as well as her attorneys' fees and costs of litigation.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 2 of Plaintiff's Complaint.

**THE PARTIES**

**COMPLAINT ¶3:**

Orndorff was employed as Director of Wellness for the Chateau Inn Winery and Resort, a Merritt-owned property located in Braselton, Georgia.

**ANSWER:**

Defendant admits that Orndorff was formerly employed by Defendant as the Director of Wellness at the Chateau Elan Winery & Resort located in Braselton, Georgia. Defendant denies the remaining allegations in Paragraph No. 3 of Plaintiff's Complaint.

**COMPLAINT ¶4:**

Merritt Hospitality is a covered entity under the ADA in that during all relevant times it had more than 15 employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year. 42 U.S.C.A. § 12111(5)(A).

**ANSWER:**

Defendant admits that it is an "employer" as that term is defined by the ADA.

## PERSONAL JURISDICTION

**COMPLAINT ¶5:**

Merritt may be served with proper process through its registered agent on record with the Georgia Secretary of State: Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

**ANSWER:**

Defendant admits that it has been properly served with process in this case.

## SUBJECT-MATTER JURISDICTION AND VENUE

**COMPLAINT ¶6:**

Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. §§ 1331 and 1343.

**ANSWER:**

Defendant admits that Plaintiff seeks to invoke the Court's jurisdiction pursuant to 28 U.S.C.A. §§ 1331 and 1343.

**COMPLAINT ¶7:**

Venue is proper in this district and division under 28 U.S.C.A. § 1391(b)(1)-(2), as Merritt, at all times during Plaintiff's employment, conducted business in this judicial district and division. Some or all of the alleged unlawful acts occurred in this judicial district and division.

**ANSWER:**

Defendant admits that venue is proper in this district and division. Defendant denies the remaining allegations in Paragraph No. 7 of Plaintiff's Complaint.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

**COMPLAINT ¶8:**

Orndorff filed her charge of disability discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 410-2024-07438 on April 18, 2024. A copy is attached as Exhibit A.

**ANSWER:**

Defendant lacks information or knowledge sufficient to admit or deny the truth of the allegations in Paragraph No. 8 of Plaintiff's Complaint and therefore denies them.

**COMPLAINT ¶9:**

Orndorff subsequently received a Right-to-Sue letter from the EEOC on June 11, 2024, a copy which is attached as Exhibit B.

**ANSWER:**

Defendant lacks information or knowledge sufficient to admit or deny the truth of the allegations in Paragraph No. 9 of Plaintiff's Complaint and therefore denies them.

**COMPLAINT ¶10:**

Orndorff timely files her ADA claims.

**ANSWER:**

Defendant lacks information or knowledge sufficient to admit or deny the truth of the allegations in Paragraph No. 10 of Plaintiff's Complaint and therefore denies them.

## FACTUAL ALLEGATIONS

**COMPLAINT ¶11:**

Orndorff was hired in May 2023 to serve as Director of Wellness for the Chateau Inn Winery and Resort, a luxury hotel and spa located in Braselton, Georgia, a Merritt owned property.

**ANSWER:**

Defendant admits that Orndorff was formerly employed by Defendant as the Director of Wellness at the Chateau Elan Winery & Resort located in Braselton, Georgia. Defendant denies the remaining allegations in Paragraph No. 11 of Plaintiff's Complaint.

**COMPLAINT ¶12:**

Orndorff suffers from clinically diagnosed depression and anxiety.

**ANSWER:**

Defendant lacks information or knowledge sufficient to admit or deny the truth of the allegations in Paragraph No. 12 of Plaintiff's Complaint and therefore denies them.

**COMPLAINT ¶13:**

At some point in the fall of 2023, Orndorff disclosed to a senior member of human resources ("FIR") management that she has been diagnosed with depression.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 13 of Plaintiff's Complaint.

**COMPLAINT ¶14:**

In the latter fall or early winter, Orndorff sought counseling from Merritt's employee assistance program for mental health related issues.

**ANSWER:**

Defendant lacks information or knowledge sufficient to admit or deny the truth of the allegations in Paragraph No. 14 of Plaintiff's Complaint and therefore denies them.

**COMPLAINT ¶15:**

Orndorff acknowledges that she had some difficulties at work and experienced conflict with colleagues during her first six months on the job. In mid January 2024, Merritt issued a corrective performance memorandum to Orndorff, followed by a subsequent written warning in early February that if her work did not improve, her job might be in jeopardy.

**ANSWER:**

Defendant admits that Orndorff had considerable performance issues and received numerous complaints from colleagues and supervisors concerning Orndorff's rude and unprofessional behavior, poor communication skills, lack of effective training and inconsistent leadership. Defendant further admits that

Orndorff received disciplinary actions and counseling. Defendant denies the remaining allegations in Paragraph No. 15 of Plaintiff's Complaint as stated.

**COMPLAINT ¶16:**

Orndorff disputed each of these writeups with Merritt's HR department. At no point was it communicated to her that a decision had been made to proceed with termination, or that a determination had been made that her challenges to the January and February corrective actions were rejected.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 16 of Plaintiff's Complaint.

**COMPLAINT ¶17:**

On February 7, 2024, while she was at work, Orndorff suffered a severe depressive episode and notified an onsite manager that she was unable to remain at work.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 17 of Plaintiff's Complaint.

**COMPLAINT ¶18:**

Later on February 7, Orndorff notified by phone Vera Sostre, the HR director for the Chateau Inn, that she believed she was facing a mental health crisis and needed to take a short-term medical leave to obtain therapy or psychiatric care.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 18 of Plaintiff's Complaint.

**COMPLAINT ¶19:**

Sostre responded by telling Orndorff that Merritt understood her struggles and would be supportive of her recovery process.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 19 of Plaintiff's Complaint.

**COMPLAINT ¶20:**

The next morning, on February 8, Sostre contacted Orndorff to tell her that Merritt had elected to end her employment on the ostensible grounds that she had left work without authorization and that such a disciplinary infraction while on a performance improvement plan was presumptive grounds for termination.

**ANSWER:**

Defendant admits that it terminated Plaintiff's employment on or about February 8, 2024. Defendant denies the remaining allegations in Paragraph No. 20 of Plaintiff's Complaint.

**COMPLAINT ¶21:**

During their exchange a day before on February 7, Sostre did not make any reference to Orndorff's departure as a basis for discipline or describe it as a violation of the terms of her performance plan.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 21 of Plaintiff's Complaint.

**COMPLAINT ¶22:**

In addition, Merritt did not have the kind of rigid attendance policy Sostre described. Employees at every level are permitted to leave work in the event of unexpected personal or medical reasons.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 22 of Plaintiff's Complaint.

**COMPLAINT ¶23:**

In an apparent effort to mitigate liability, Orndorff was told that in lieu of termination, she could take a 30 day leave in order to maintain her insurance, but only on the condition that she agree to resign at the end of 30 days.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 23 of Plaintiff's Complaint.

**COMPLAINT ¶24:**

Merritt soon expanded the offer to a full two months of insurance coverage and a lump sum settlement of 8 weeks salary in exchange for a resignation and a waiver of any legal claims.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 24 of Plaintiff's Complaint.

**COMPLAINT ¶25:**

Orndorff rejected Merritt's offers, which unlawfully conditioned her exercise of her right to leave as a temporary medical accommodation on her separation from the company and a waiver of her legal rights. Merritt's action constituted interference with Orndorff's rights under the ADA.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 25 of Plaintiff's Complaint.

**COMPLAINT ¶26:**

Merritt's involuntary separation of Orndorff from employment was a discriminatory termination. Merritt had made no decision to terminate her prior to February 7, 2024 and but for her disclosure of her need to receive extended medical care for mental health related reasons, Orndorff would not have been terminated on that date.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 26 of Plaintiff's Complaint.

**COMPLAINT ¶27:**

Orndorff's termination deprived her of income and exacerbated her mental anguish and emotional distress, therefore entitling her to lost wages and noneconomic compensatory damages.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 27 of Plaintiff's Complaint.

## CAUSES OF ACTION

### COUNT I
### (Disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C.A. § 12112(a))

**COMPLAINT ¶28:**

Plaintiff incorporates by reference paragraphs 1-27 of this Complaint as though set forth fully and separately herein.

**ANSWER:**

Defendant asserts its answers to Paragraphs Nos. 1 through 27 as though set forth in full, in response to Paragraph No. 28 of the Complaint.

**COMPLAINT ¶29:**

Orndorff was at all relevant times a qualified individual under the ADA in that during her employment with Merritt Hospitality, she had a mental health impairment, disability, i.e., clinical depression and anxiety, that substantially limited her ability to conduct major life activities, including concentrating, thinking and working.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 29 of Plaintiff's Complaint.

**COMPLAINT ¶30:**

Orndorff could have performed the essential functions of her job with a reasonable accommodation of a temporary medical leave.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 30 of Plaintiff's Complaint.

**COMPLAINT ¶31:**

Merritt discriminated against Ordorff [sic] by terminating her based on her mental health condition.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 31 of Plaintiff's Complaint.

**COMPLAINT ¶32:**

Merritt's discriminatory conduct under the ADA has inflicted various economic damages on Orndorff, including but not limited to loss of back pay, loss of front pay, and loss of benefits; as well as noneconomic damages, including emotional distress and mental anguish.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 32 of Plaintiff's Complaint.

**COUNT II**
**(Interference in violation of the Americans with Disabilities Act as Amended, 42 U.S.C.A. § 12203(b))**

**COMPLAINT ¶33:**

Plaintiff incorporates by reference paragraphs 1-27 of this Complaint as though set forth fully and separately herein.

**ANSWER:**

Defendant asserts its answers to Paragraphs Nos. 1 through 32 as though set forth in full, in response to Paragraph No. 33 of the Complaint.

**COMPLAINT ¶34:**

Orndorff exercised her protected right under the ADA by requesting an accommodation in the form of a short-term medical leave to obtain therapy and mental health treatment.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 34 of Plaintiff's Complaint.

**COMPLAINT ¶35:**

Merritt Hospitality interfered with Orndorff's exercise of her ADA rights by conditioning her medical leave on the waiver of her legal rights and her resignation.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 35 of Plaintiff's Complaint.

**COMPLAINT ¶36:**

Merritt's actions were motivated by Orndorff's effort to obtain a medical leave.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 36 of Plaintiff's Complaint.

**COMPLAINT ¶37:**

Merritt's interference with Orndorff's protected ADA rights has inflicted various economic damages on Orndorff, including but not limited to loss of back pay, loss of front pay, and loss of benefits; as well as noneconomic damages, including emotional distress and mental anguish.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 37 of Plaintiff's Complaint.

**PRAYER FOR RELIEF**

Wherefore, based on the above stated claims, Plaintiff demands a trial by jury and that the following relief be granted:

A. Back pay, front pay, and lost benefits.

B. Compensatory damages to the extent allowed by law.

C. Punitive damages.

D. Attorneys' fees and costs of litigation.

E. Prejudgment and post-judgment interest at the highest lawful rate.

F. Such other equitable and monetary relief as the Court deems just and proper.

**ANSWER:**

The allegations in this Paragraph are Plaintiff's requests for relief to which no answer is required; to the extent one is required, Defendant denies them.

## AFFIRMATIVE DEFENSES

By pleading the following as affirmative defenses, Defendant does not concede that each of the matters covered by the numbered defenses is to be proven by Defendant, and Defendant reserve its position that Plaintiff retains the burden of proof on all matters necessary to state the claims asserted in the Complaint and to establish his alleged damages. Defendant also specifically reserves the right to amend their Answer with additional affirmative defenses and/or counterclaims as additional investigation, discovery, and circumstances may warrant.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Subject to further proof, Plaintiff's claims may be barred, in whole or in part, by the applicable statute(s) of limitations.

**THIRD AFFIRMATIVE DEFENSE**

Subject to further proof, Plaintiff's claims may be barred, in whole or in part, based on her failure to exhaust administrative remedies.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff has failed to mitigate her damages, she is barred from recovery on all or a portion of her claims.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, in whole or in part, are barred by the doctrines of release, waiver, estoppel and unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

Any claims for punitive damages are barred because the alleged acts or omissions of Defendant fail to rise to the level required to sustain an award of punitive damages, do not evidence a malicious, reckless or fraudulent intent to deny Plaintiff her protected rights and are not wanton or willful as to support an award of punitive damages.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for punitive damages are barred because Defendant has engaged in good faith efforts to comply with federal, state and local laws.

## EIGHTH AFFIRMATIVE DEFENSE

While Defendant expressly denies that any of its employees, officers or agents acted in any manner that would constitute a violation of any federal or state laws, and any such violation occurred outside the scope of employment or agency and without its consent. Defendant did not authorize, condone, ratify or tolerate any tortious acts, but instead prohibited it, and such conduct may not be attributed to Defendant through principles of agency, respondeat superior or otherwise.

## NINTH AFFIRMATIVE DEFENSE

Subject to further proof, Plaintiff's claims may be barred, in whole or in part, by the doctrine of after-acquired evidence.

## TENTH AFFIRMATIVE DEFENSE

Defendant's actions regarding Plaintiff were based on a legitimate, non-discriminatory and non-retaliatory business reasons.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| TERRA ORNDORFF,<br><br>Plaintiff,<br><br>v.<br><br>MERRITT HOSPITALITY, LLC,<br><br>Defendant. | CASE NO: 1:24-cv-04024-JCP-CCB |

**DEFENDANT MERRITT HOSPITALITY, LLC'S COUNTERCLAIM AGAINST PLAINTIFF**

Defendant Merritt Hospitality, LLC ("Merritt'), by and through undersigned counsel and pursuant to Fed. R. Civ. Pro. 13, hereby files this Counterclaim against Plaintiff Terra Orndorff.

## INTRODUCTION

1. This case arises from the facts and circumstances of Terra Orndorff's breach of her Relocation Agreement and Promissory Note stemming from the considerable relocation benefits she received from Merritt that she was obligated – but failed to – repay following her termination of employment in February 2024.

**PARTIES**

2. Merritt Hospitality, LLC d/b/a HEI Hotels & Resorts is a limited liability company organized under the laws of the State of Delaware with its principal place of business in the State of Connecticut. Merritt is one the largest and most respected third-party hotel management companies and operates over 100 hotel properties across the country, including the Chateau Elan Winery & Resort ("Hotel") located in Braselton, Georgia.

3. Ms. Orndorff was formerly employed by Merritt as the Director of Wellness at the Hotel from approximately May 1, 2023 until February 8, 2024.

4. Ms. Orndorff is a resident and citizen of the State of Georgia. Upon information and belief, Ms. Orndorff resides at 1377 Weeping Tree Dr. Auburn, Georgia 30011.

**JURISDICTION AND VENUE**

5. This Court has original jurisdiction of these claims as compulsory counterclaims pursuant to 28 U.S.C. Sections 1332, 1441 and 1367(a), and Rule 13(a) of the Federal Rules of Civil Procedure, or in the alternative, as permissive counterclaims under Federal Rule of Civil Procedure Rule 13(b).

6. Ms. Orndorff's Relocation Agreement and Promissory Note also requires that it be governed by and construed in accordance with the laws of the State of Georgia.

**FACTS**

7. Merritt hired Ms. Orndorff as the Director of Wellness for the Hotel on or about May 1, 2023.

8. In advance of her start date, and in consideration for employment, Ms. Orndorff and Merritt entered into a Relocation Agreement and Promissory Note which provided her with $20,000 in relocation benefits.

9. Under this Relocation Agreement and Promissory Note, Merritt agreed to forgive the payment of the entire principal amount of the Promissory Note only if she remained employed with Merritt after 18 months following her relocation.

10. Ms. Orndorff agreed that in the event she resigned or was terminated from her employment prior to this 18 month period after her relocation date, she was required to immediately repay the principal amount of this Promissory Note.

11. Ms. Orndorff further agreed under this Relocation Agreement and Promissory Note to pay any costs of collection until this Promissory Note was discharged.

12. Ms. Orndorff executed this Relocation Agreement and Promissory Note on April 15, 2023 and acknowledged receipt of $20,000 in relocation benefits from Merritt.

13. Ms. Orndorff struggled with her performance throughout her brief tenure at the Hotel.

14. Beginning in approximately October 2023, numerous associates and supervisory employees began making complaints to management concerning Ms. Orndorff's rude and unprofessional behavior, poor communication skills, lack of effective training and inconsistent leadership.

15. When these concerns were brought (without attribution) to Ms. Orndorff's attention, she became extremely defensive, insisted on knowing who was speaking out against her, and refused to take any responsibility for her actions.

16. Ultimately, this resulted in the issuance of the January 18, 2024 memorandum which demanded immediately corrective action, including a specific action plan to address these concerns no later than January 26, 2024.

17. Ms. Orndorff refused to complete this required action plan and became disengaged, missing key hotel leadership meetings, as well as a critical call with Hotel ownership on January 26, 2024.

18. As a result, on February 2, 2024, Ms. Orndorff was issued a Final Written Warning which demanded immediate improvement or she would face termination of her employment.

19. In response, Ms. Orndorff exploded at the Director of Human Resources, refused to accept any responsibility for her insubordinate and

unprofessional actions and stated the she would not sign this Final Written Warning.

20. Just days later, Ms. Orndorff attended an Executive Committee meeting during which she was completely disengaged with the meeting discussion. Immediately after the meeting, Ms. Orndorff abandoned her work that day without informing her direct supervisors.

21. Ms. Orndorff provided no explanation for her unprofessional actions earlier that day or why she walked off the job.

22. Instead, Ms. Orndorff contacted the Task Force Manager and began loudly screaming and cursing at her, including a loud diatribe where she told the manager, "what did you fucking do to me you fucking bitch!!" This Task Force Manager believed that Ms. Orndorff was driving towards the Hotel and called security out of concern for her own safety.

23. As a result of Ms. Orndorff's continued refusal to correct her deficient performance, including her job abandonment, unprofessional conduct and violations of company policy outlined above, Ms. Orndorff was terminated from her employment with Defendant in February 2024.

24. Pursuant to the Relocation Agreement and Promissory Note, Ms. Orndorff was contractually obligated to return the $20,000 in relocation benefits she

received from Merritt as she was terminated from her employment less than 10 months after relocation.

25. To date, Ms. Orndorff has not returned these relocation benefits to Merritt.

**COUNT I-BREACH OF CONTRACT**

26. Merritt re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

27. In advance of her start date, and in consideration for employment, Ms. Orndorff and Merritt entered into a Relocation Agreement and Promissory Note which provided her with $20,000 in relocation benefits.

28. Under this Relocation Agreement and Promissory Note, Ms. Orndorff was obligated to repay the entire principal amount of the Promissory Note (for $20,000) if she resigned or was terminated from her employment prior to the 18 month period after her relocation date.

29. Ms. Orndorff further agreed under this Relocation Agreement and Promissory Note to pay any costs of collection until this Promissory Note was discharged.

30. Ms. Orndorff breached this Relocation Agreement and Promissory Note as she was terminated from her employment in February 2024 –

approximately 10 months after her relocation – and has not repaid these amounts to Merritt following her termination.

31. As a result of this breach, and under the terms of this Relocation Agreement and Promissory Note, Merritt is entitled to be reimbursed for the $20,000 in relocation benefits as well as all costs of collection until this Promissory Note is discharged.

**COUNT II—UNJUST ENRICHMENT**

32. Merritt realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

33. Merritt conferred a considerable benefit on Ms. Orndorff by paying her $20,000 in relocation benefits.

34. Ms. Orndorff was aware of and appreciated the nature of the benefit she was provided, as well as the fact that in order to retain the benefit of these relocation benefits, she had to ensure she did not voluntarily resign from her employment and not act in a manner which would cause her employment to be terminated within her first 18 months.

35. Given Ms. Orndorff's deficient performance, unprofessional conduct, and other violations of company policies set forth above, it would be inequitable for her to retain the considerable relocation benefits she was provided.

## RELIEF REQUESTED

WHEREFORE, Merritt respectfully prays for this Court to:

A. award Merritt the damages it has suffered, in an amount to be determined, including but not limited to return of the relocation benefits paid to Plaintiff;

B. award Merritt the costs of this action, including reasonable attorneys' fees; and

C. grant Merritt such other and further relief as may be just and equitable.

Date: October 3, 2024

Respectfully submitted,

MERRITT HOSPITALITY, LLC

By: *s/ Alex S. Drummond*

Alex S. Drummond
Georgia Bar No. 231116
adrummond@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia 30309-3958
Telephone: (404) 885-1500

Eric J. Janson (*to be admitted pro hac vice*)
ejanson@seyfarth.com
SEYFARTH SHAW LLP
975 F Street, NW
Washington, DC 20004
Telephone: (202) 828-3532

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| TERRA ORNDORFF,<br><br>Plaintiff,<br><br>v.<br><br>MERRITT HOSPITALITY, LLC,<br><br>Defendant. | CASE NO: 1:24-cv-04024-JCP-CCB |

## CERTIFICATE OF SERVICE

I certify that on October 3, 2024, I filed **Defendant's Answer to Complaint and Counterclaim Against Plaintiff** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of this filing to all counsel of record.

Artur Davis
2024 3rd Avenue North
Suite 212
Birmingham, AL 35203

Jerilyn E. Gardner
333 Peachtree Road, NE
Atlanta, GA 30308

*s/ Alex Drummond*
Alex Drummond
Counsel for Defendant
Georgia Bar No. 231116